**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4224**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TERRELL MARQUI TRUESDALE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:00-cr-00151-TDS-3)

———————

Submitted:  November 5, 2015        Decided:  November 10, 2015

———————

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Neal Gary Rosensweig, NEAL GARY ROSENSWEIG, P.A., Hollywood,
Florida, for Appellant.  Angela Hewlett Miller, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Marqui Truesdale appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months' imprisonment and 32 months' supervised release. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising for the court's consideration whether the sentence was plainly unreasonable. Although advised of his right to file a pro se supplemental brief, Truesdale has not done so. The Government has not filed a brief. Following our careful review of the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it falls within the prescribed statutory range and is not plainly unreasonable. Id. In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same general considerations employed in review of original criminal sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing G]uidelines sentences." United States v. Moulden, 478 F.3d 652,

656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. Id. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. 18 U.S.C. § 3583(e) (2012); Webb, 738 F.3d at 641. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Our review reveals no procedural or substantive errors by the district court. We thus conclude that Truesdale's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and commitment order. This court requires that counsel inform Truesdale, in writing, of the right to petition the Supreme Court of the United States for further review. If Truesdale requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Truesdale.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED